UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


JOE HAND PROMOTIONS, INC.                         CIVIL ACTION

v.                                                NO. 16-16844

DML, LLC d/b/a LIUZZA'S                            SECTION "F"
SPORTS BAR a/k/a DAVIE LIUZZA'S
SPORTS BAR, DAVID M. LIUZZA


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the plaintiff's motion for default judgment against DML, LLC d/b/a Liuzza's Sports Bar a/k/a Dave Liuzza's Sports Bar, noticed for submission on July 12, 2017, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1]    On December 5, 2016, the plaintiff filed its complaint, complaining of DML's unauthorized and illegal receipt and exhibition of the "Ultimate Fighting Championship® 183: Silva v. Diaz" broadcast on January 31, 2015 at Liuzza's Sports Bar, a commercial business, without paying the sublicense fee to the plaintiff.  The plaintiff has shown entitlement to a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). More than 21 days have passed since DML, LLC was served with the summons and complaint; DML has not answered, nor has counsel entered an appearance on its behalf; and preliminary default was entered against DML on April 19, 2017.

that the plaintiff's motion for entry of default judgment against DML, LLC is hereby GRANTED as unopposed.


New Orleans, Louisiana, July 10, 2017


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Turning to damages, the plaintiff elects to recover damages pursuant to 47 U.S.C. § 605, which allows a plaintiff to recover statutory damages of up to $10,000 for each violation. If the Court finds that the violation of the Communications Act was willful and for commercial advantage or private gain, the Court may award additional damages up to $100,000; the Court shall also award full costs, including reasonable attorney's fees. Id. The Court finds that the plaintiff has demonstrated that it is fair and reasonable to assess against DML and award the plaintiff statutory damages in the amount of $5,000. The Court also finds that the defendant's interception of the encrypted pay-per-view program in a commercial establishment open to the public is willful and for financial advantage, and therefore finds that the plaintiff is entitled to enhanced damages in the amount of $20,000, which the plaintiff submits and the Court agrees is an amount that will fairly achieve the statutory goals of restitution and deterrence. Finally, the plaintiff is entitled to recover reasonable attorney's fees upon submission of a fee application.